STATE, Respondent, vs. CHRISTIANSEN, Appellant.

*April 3—June 22, 1936.*

*Jerome V. Ledvina* of Manitowoc, for the appellant.

For the respondent there was a brief by *John R. Cashman,* district attorney of Manitowoc county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Cashman.*

The following opinion was filed April 28, 1936:

WICKHEM, J. It is defendant's first contention that the evidence is insufficient to prove beyond a reasonable doubt that defendant was capable of forming the specific intent to commit either the crime of burglary or larceny.

On June 18, 1935, defendant and one Peter Elm came to the tavern of one Pribek. Prior to going there, it is defendant's claim that he and Elm had consumed about a pint of moonshine whiskey and two or three glasses of beer. They arrived at Pribek's tavern at about 10 o'clock, and stayed there until some time after midnight. While at Pribek's tavern, Elm played cards and defendant watched the game. Several persons present in the tavern testified that the defendant was drunk, both when he came in and when he left Pribek's. There is evidence to the contrary. Shortly after Christiansen left the tavern, Pribek retired for the night, and within five or six minutes heard someone rapping on the window. About eight minutes afterwards this was repeated and

the doorknob of the side entrance was tried. Shortly after that, Pribek heard someone break a window, whereupon he got out of bed. He then heard a noise which sounded as though someone was rattling the lock on a cedar chest located in a lavatory in the northeast corner of the building. Pribek then turned on the light, went into the lavatory, and discovered defendant climbing out the window. He tried to seize defendant, but the latter succeeded in making his escape.

It is not questioned that defendant broke and entered the dwelling of Pribek in the nighttime. The only question is whether he was so drunk as to be incapable of entertaining a felonious intent. While there was evidence which, if believed by the jury, might warrant the conclusion that he was intoxicated to this degree, there is abundant testimony from which the jury could come to a different conclusion. The state introduced the testimony of three taxi drivers who saw defendant shortly before the burglary, and who testified that he was sober at this time. After escaping from the tavern, defendant was sober enough to make his way to the home of his fiancée. While defendant had certainly been drinking and was probably not as efficient in his movements as though he had been sober, the jury were entitled to believe that such drinking as he had done did not render him completely irrational or impair his capacity for entertaining a felonious intent.

Several procedural errors are assigned. The first is that defendant was compelled to go to trial on eighteen hours' notice. It is unnecessary to review the circumstances involved further than to state that the case was set for trial with the consent of defendant and his counsel. The only claimed prejudice is that counsel did not have the opportunity to read the evidence given on preliminary examination by an officer who is claimed to have changed his testimony upon the trial. Defendant was represented by the same counsel at the preliminary examination and at the trial, and in view of this, as

well as the fact that the case was set for trial with defendant's consent, we see no substantial merit in the assignment of error.

It is next contended that the court erred in failing to instruct the jury to disregard a certain newspaper article. On the first day of the regular term of the circuit court defendant had offered to plead guilty. He stated that his reason for entering this plea was that he wanted "to get it over with," and that he remembered nothing about the crime because he was drunk at the time. Upon this statement the court declined to accept the plea of guilty. The local newspaper carried an account of the incident. After the verdict counsel requested the court to ask the jury if they had read the newspaper article and had been influenced by it. This request was denied. We see no merit in defendant's contention. The court did not instruct the jury with reference to the newspaper article for the reason that both the court and counsel for the defendant were of the opinion during the trial that it might be more damaging to defendant to draw attention to the article than to disregard it. A ruling made with defendant's consent cannot be assigned as error. Furthermore, we cannot say that the conclusion concurred in by court and counsel was incorrect. It is not at all clear what effect such an article might have upon a jury. A jury might attach undue significance to a former plea of guilty, or they might consider the circumstances under which the plea was refused as tending to show lack of felonious intent. Any ruling the court might make could be attacked or defended with about equal force, and its prejudicial effect would be speculative.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 22, 1936.